```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                :
MONTE S. LEACH,                                 :
                                                :
                        Plaintiff,              :      16-CV-1189 (JMF)
                                                :
            -v-                                 :      MEMORANDUM OPINION
                                                :          AND ORDER
CITY OF NEW YORK, et al.,                       :
                                                :
                        Defendants.             :
                                                :
------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/19/2016

JESSE M. FURMAN, United States District Judge:

Plaintiff Monte Leach, currently incarcerated at the Vernon C. Bain Center, brings this action *pro se* and *in forma pauperis* and alleges violations of his constitutional rights under 42 U.S.C. § 1983.  In his initial complaint, Plaintiff alleged that following his arrest in 2011, his incarceration was longer than it should have been, and he sought damages for the time he was improperly detained; his complaint referenced the Eighth Amendment but, notably, named only the City of New York (the "City") as a defendant.  (Docket No. 2).  On April 13, 2016, the Court dismissed the complaint for failure to state a claim, without prejudice to Plaintiff's filing an amended complaint that cured the deficiencies the Court identified — namely, the deficiencies in Plaintiff's apparent municipal liability and Eighth Amendment claims.  (Docket No. 7).  On May 11, 2016, Plaintiff filed an amended complaint, adding as unnamed Doe defendants (in addition to the City) the two treatment court judges who were involved with Plaintiff's 2011 case and his 18(b) legal aid lawyer.  (Docket No. 9).  For the reasons set forth below, the amended complaint fails to state a claim and is dismissed with prejudice.

**DISCUSSION**

Where, as here, the plaintiff is proceeding *in forma pauperis*, a court must dismiss the complaint, or any portion thereof, if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court is also obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

As noted, Plaintiff now brings his Section 1983 claims against the City, the two judges, and his 18(b) lawyer. With respect to the City, Plaintiff still makes no allegations regarding any policy, custom, or practice of the City, and thereby — for the reasons set forth in the Court's earlier Order of Dismissal — fails to allege facts even suggesting municipal liability. (*See* Docket No. 8). The judges and the defense attorney, by contrast, are new defendants. The Court addresses Plaintiff's claims against them in turn.

**A.   The Judges**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). To be sure, judicial immunity does not apply when a judge takes action outside of his judicial capacity, or when the judge takes action that, although judicial in

nature, is taken "in absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Here, because the amended complaint asserts no facts suggesting that the treatment court judges acted outside their judicial capacities or in the absence of jurisdiction, they are immune from suit and Plaintiff's claims against them fail.

**B.     The Defense Attorney**

To state a Section 1983 claim, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom, or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *See Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties . . . ." (internal quotation marks omitted)).

Absent special circumstances suggesting concerted action between an attorney and a state representative, such that the attorney was acting as an agent of the state, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or

employed as a public defender.  *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 86-87 (2d Cir. 2000) (holding that a legal aid organization ordinarily is not a state actor for purposes of Section 1983).

Here, because the attorney who represented Plaintiff in his criminal proceedings is not a state actor for purposes of Section 1983, Plaintiff's claim against him fails.  *See, e.g.*, *Caldwell v. Myer*, No. 14-CV-5383 (JS) (ARL), 2015 WL 428063, at *3 (E.D.N.Y. Jan. 30, 2015).

## CONCLUSION

For the reasons given, Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The only remaining question is whether Plaintiff should be given another opportunity to amend his complaint.  Although leave to amend should be "freely give[n]," Fed. R. Civ. P. 15(a)(2), the Court finds that leave to amend is not warranted here because the problem with Plaintiff's claims "is substantive [and] better pleading will not cure it," *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) — as illustrated by Plaintiff's failed attempt to replead his claims.  Accordingly, leave to amend is denied and the amended complaint is dismissed with prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close this case and to mail a copy of this Memorandum Opinion and Order to Plaintiff.

SO ORDERED.

Dated: May 19, 2016
      New York, New York

_____
JESSE M. FURMAN
United States District Judge

4